**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Christy Gatewood

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY GATEWOOD, individually, and as successor in interest to C.G., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF HEMET; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR DAMAGES FOR: <br><br> 1. Violation Of Fourth Amendment - Unlawful Seizure Of Person; <br><br> 2. Violation of Fourteenth Amendment Right - Due Process – Interference with Familial Relationship (via 42 U.S.C. 42 § 1983) <br><br> 3. Municipal Liability – Unconstitutional Custom/Practice and/or Policy. <br><br> 4. Municipal Liability – Failure to Train and/or Discipline; |

5. False Arrest / Imprisonment (California Law);

6. Violation of Cal. Civil Code § 52.1;

7. Negligence (California Law);

8. Intentional Infliction of Emotional Distress (California Law).

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff Christy Gatewood and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As Plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiffs' federal question claims, this court has jurisdiction over the

Plaintiffs' California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4.      Plaintiff complied with the California Tort Claim Act. Plaintiff timely submitted her claims for damages to the City of Hemet. Plaintiff then timely filed this lawsuit after the City of Hemet denied Plaintiff's claim.

## GENERAL ALLEGATIONS

5.      Plaintiff Christy Gatewood, hereinafter referred to as "GATEWOOD" or "Plaintiff GATEWOOD", is a natural person, who, at all times complained of in this action, resided in the County of Riverside, State of California.

6.      Plaintiff GATEWOOD sues in her individual capacity as the mother and heir of Decedent C.G., and also as successor in interest to Decedent C.G.

7.      Decedent C.G. died intestate on February 20 2024. Decedent was a minor at the time of his death.

8.      Defendant City of Hemet, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

9.      Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Hemet Police Department, who in some way committed some or all of the tortious actions (and constitutional

violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

10.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Hemet Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

11.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Hemet Police Department and/or defendant City of Hemet, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing

COMPLAINT FOR DAMAGES

4

to the creation of the policies and/or practices and/or customs and/or usages of the Hemet Police Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) and covering up tortious conduct by Hemet Police Department peace officers.

12.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Hemet Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

13.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Hemet Police Department and/or otherwise with defendant CITY[1].

---

[1] Such as a CITY executive officer.

14.     Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend her complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

15.     In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of her federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

16.     Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

17.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES
6

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(By Plaintiff GATEWOOD, individually, Against DOES 1 through 6, inclusive)**

18.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 17, inclusive, above, as if set forth in full herein.

19.    Plaintiff Christy GATEWOOD is a loving mother who works in the labor and delivery department of Loma Linda Hospital.

20.    Decedent C.G. was GATEWOOD's youngest child.

21.    Decedent C.G was a two year old boy who died on February 20, 2024.

22.    On February 16, 2024, GATEWOOD noticed that C.G. was not feeling well. GATEWOOD took C.G. to an urgent care.

23.    The doctor at the urgent care did not seem too concerned about C.G.'s condition and suggested that C.G. get rest and fluids. The doctor also prescribed Tylenol and Zofran and suggested that GATEWOOD take C.G. to the emergency room in three days if C.G.'s condition did not improve.

24.    GATEWOOD then gave C.G. Tylenol and Zofran as prescribed and monitored C.G.'s condition.

25.    Over the next few days it appeared that C.G.'s condition was improving.

26.    On February 20, 2024 Plaintiff put C.G. down for an afternoon nap. C.G. tossed and turned and would not fall asleep.

27.    In an attempt to get C.G. to fall asleep, GATEWOOD placed C.G. in a rocker and put on his favorite Disney movie.

28.    GATEWOOD then began washing dishes and watched C.G. in his rocker.

29.    GATEWOOD then briefly went outside to take out the trash. When she came back inside, C.G. was unresponsive.

30.    GATEWOOD started screaming for help from her older daughters.

31.    GATEWOOD ran over to C.G. while calling "911."

32.    GATEWOOD also started performing CPR on C.G. GATEWOOD is a CPR instructor.

33.    Moments before paramedics and DOES 1 through 6, inclusive, arrived, and while GATEWOOD was performing CPR, C.G. began to vomit and regained consciousness.

34.    When DOES 1 through 6, inclusive, entered GATEWOOD's home, they immediately separated GATEWOOD from C.G. and declared that this was a homicide investigation – even though C.G. was alive and there was no evidence of a crime.

35.    DOES 1 though 6, inclusive, would not let GATEWOOD near C.G. while paramedics were with C.G.

COMPLAINT FOR DAMAGES

36.     Paramedics then prepared to place C.G. in an ambulance to take him to Hemet Global Medical Center.

37.     GATEWOOD begged DOES 1 through 6, inclusive, to allow her to ride in the ambulance with her son. DOES 1 through 6, inclusive, said, "No" because this was a homicide investigation.

38.     GATEWOOD begged DOES 1 through 6, inclusive, to allow her to give her son a hug and a kiss before he left in the ambulance. DOES 1 through 6, inclusive, said "No" because this is a homicide investigation.

39.     GATEWOOD asked if she could go to the hospital. DOES 1 though 6, inclusive, said, "No". DOES 1 through 6, inclusive, told GATEWOOD that she was not permitted to leave her home until a supervisor arrives because this is a homicide investigation.

40.     C.G., a two year old little boy, was then loaded into the ambulance, surrounded by strangers and was taken to the hospital.

41.     GATEWOOD did not know it at the time, but that was the last time GATEWOOD would ever see C.G. again.

42.     Once C.G. was taken away by ambulance, DOES 1 through 6, inclusive, ordered GATEWOOD that she could not leave and had to wait for a supervisor.

43.     When GATEWOOD was eventually released from the custody of DOES 1 through 6, inclusive, at her home, GATEWOOD immediately went to Hemet Global Medical Center.

44.     When GATEWOOD arrived at the emergency department at Hemet Global Medical Center, a doctor greeted her and informed GATEWOOD that unfortunately her two your old son had died at the hospital.

45.     GATEWOOD begged the hospital staff to allow her to see her son one last time.

46.     The medical staff informed her that she could not because DOES 1 through 6, inclusive, informed them that this is a homicide investigation.

47.     GATEWOOD was then driven home.

48.     When GATEWOOD arrived home, DOES 1 through 6, inclusive, were at her home and informed her that she must to go the Hemet Police Station.

49.     Distraught, GATEWOOD asked if she had to go now. DOES 1 through 6, inclusive, said, "Yes." GATEWOOD was not given an option to stay home and grieve. GATEWOOD was ordered to go to the Hemet Police Station.

50.     GATEWOOD was under the impression that she had no choice but to go to the Hemet Police Station.

51.     When GATEWOOD arrived at the station, she was taken through several locked areas and was interrogated by DOE 1 through 6, inclusive, in a room for approximately six and a half hours.

COMPLAINT FOR DAMAGES

52.     Outside of the interrogation room there was a Hemet Police
Department Officer standing guard.

53.     After GATEWOOD had been interrogated for several hours,
GATEWOOD's family and friends asked if they could go inside the room with her
to comfort her. GATEWOOD's friends and family were not allowed in the
interrogation room with GATEWOOD.

54.     While at the Hemet Police Station, GATEWOOD was subjected to a
blood draw.

55.     After approximately six and a half hours of interrogation,
GATEWOOD was finally released from custody and allowed to leave the station.

56.     GATEWOOD was detained and seized while at her apartment and
was arrested while she was at the Hemet Police Station. No reasonable person
would have felt that they were free to leave.

57.     The conduct of DOES 1 through 6, inclusive, was unreasonable and
unconscionable.

58.     DOES 1 through 6, inclusive, robbed GATEWOOD from hugging
and kissing her two year old boy for the last time; robbed GATEWOOD from
comforting her two year old boy during his final moments; robbed GATEWOOD
from having a final moment with her deceased son at the hospital and robbed her
of grieving when they interrogated her, against her will, for approximately six and
a half hours at the Hemet Police Station. DOES 1 through 6, inclusive, also robbed

C.G., a two year old boy, from the comfort of his mother as he was dying. C.G. died alone in a cold and sterile room.

59.    GATEWOOD was so distraught that the next day she was admitted at Loma Linda Medical Center where she had to be sedated after having suffered what she called a "nervous breakdown."

60.    As complained of herein above, none of the defendants to this action had a warrant for GATEWOOD's arrest, nor probable cause to believe that GATEWOOD had committed a crime, nor reasonable suspicion that GATEWOOD was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by GATEWOOD.

61.    There was no evidence whatsoever that a crime had been committed.

62.    The Riverside County Coroner determined that C.G. died from COVID.

63.    Accordingly, the seizure and arrest of GATEWOOD by Defendants DOES 1 through 6, inclusive, constituted an unlawful and unreasonable seizure of GATEWOOD, in violation of her rights under the Fourth Amendment to the United States Constitution.

64.    As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, GATEWOOD: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general

damages and expenses in an amount to be proven at trial which is in excess of $20,000,000.00.

65.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of GATEWOOD's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $10,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**INTERFERENCE WITH FAMILIAL RELATIONSHIP WITHOUT DUE PROCESS OF THE LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**(By Plaintiff GATEWOOD, individually and as successor-in-interest to Decedent C.G., Against Defendants DOES 1 through 6, inclusive)**

66.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 65, inclusive, above, as if set forth in full herein.

67.     The unlawful seizure and arrest of Plaintiff GATEWOOD, by DOES 1 through 6, inclusive described above, interfered with plaintiffs' right to Familial Relationship, guaranteed to them under the Fourteenth Amendment to the United States Constitution

68.     The unlawful seizure and arrest of Plaintiff GATEWOOD, by DOES 1 through 6, inclusive was done intentionally, in a manner that constituted deliberate indifference to and a reckless disregard of Plaintiffs' right to Familial

Relationships, and constituted outrageous behavior that is shocking to the conscience.

69.    The unlawful actions of DOES 1 through 6, inclusive, above-referenced, caused plaintiff to suffer great mental, emotional and distress, pain and suffering, in an amount to be shown at trial in excess of $20,000,000.

70.    The unlawful conduct of DOES 1 through 6, inclusive, above-referenced, was done maliciously and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive damages against said defendants (save CITY); all in an amount to be shown at trial, in excess of $10,000,000.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (By Plaintiff GATEWOOD, individually, and as successor-in-interest to Decedent C.G., Against Defendants CITY)

71.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 70, inclusive, above, as if set forth in full herein.

72.    As complained of herein above, the acts of Defendants DOES 1 through 6, inclusive, deprived Plaintiffs of their rights under the laws of the United States and The United States Constitution.

73.    The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one

they were presented with when they confronted Plaintiff, including knowing what conduct rises to the probable cause of a crime.

74.    CITY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

75.    The failure of CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants DOES 1 through 6, inclusive.

76.    CITY's failure to train is closely related to the deprivation of Plaintiffs' rights as to be the moving force that ultimately caused Plaintiffs' injuries.

77.    As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $20,000,000.00.

**FOURTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(By Plaintiff GATEWOOD, individually, and as successor-in-interest to**
**Decedent C.G., Against Defendants CITY)**

78.    Plaintiff hereby realleges and incorporates by reference the allegations

COMPLAINT FOR DAMAGES
15

set forth in paragraphs 1 through 77 inclusive, above, as if set forth in full herein.

79.    As shown above, the actions of Defendants DOES 1 through 6, inclusive, deprived the plaintiffs of their particular rights under the United States Constitution, as described above.

80.    At all times complained of herein, Defendants DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Hemet Police Department / defendant CITY:  1) unlawfully arresting persons; 2) and 2) for covering-up unlawful and tortious conduct by Hemet Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiffs in this action.

81.    Said actions of said defendants were done by them under the color of state law.

82.    As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants CITY, above-described, said defendants committed said actions complained of above.

83.    As a direct and proximate result of the actions of defendants CITY, as complained of herein, plaintiffs: 1) were substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages,

and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $20,000,000.00 for each plaintiff.

## FIFTH CAUSE OF ACTION
**False Arrest / False Imprisonment**
**Under California State Law**
**(By Plaintiff GATEWOOD, individually, Against DOES 1 through 6, inclusive)**

84.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 83, inclusive, above, as if set forth in full herein.

85.     As shown above, Defendants DOES 1 through 6, inclusive, did not have either reasonable suspicion of criminality afoot about plaintiff GATEWOOD, or probable cause to believe that GATEWOOD had committed a crime.

86.     Notwithstanding that lack of any reasonable suspicion or probable cause to believe that GATEWOOD committed a crime, Defendants DOES 1 through 6, inclusive, detained, restrained, arrested and brutalized GATEWOOD, and deprived GATEWOOD of her liberty and separating her from C.G.

87.     Defendants DOES 1 through 6, inclusive, intentionally deprived GATEWOOD of her freedom of movement by use of physical force and violence.

88.     GATEWOOD did not consent to said deprivation of her freedom of movement by defendants DOES 1 through 6, inclusive, or to the use of force and violence upon her.

89.     GATEWOOD suffered harm / injuries / damages because of said deprivation of her freedom of movement by Defendants DOES 1 through 6, inclusive.

90.     The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of GATEWOOD under California state law.

91.     Defendants DOES 1 through 6, inclusive, are liable to GATEWOOD for said false arrest / false imprisonment, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.2, 820.4, 820.8, and otherwise pursuant to the common-law.

92.     The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, proximately caused GATEWOOD to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial which is in excess of $20,000,000.00.

93.     The actions of Defendants DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages, in an amount to be proven at trial which is in excess of $10,000,000.00.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

18

# SIXTH CAUSE OF ACTION
## Violation of Cal. Civil Code § 52.1
## Under California State Law
## (By Plaintiff GATEWOOD, individually, Against all Defendants)

94. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 93, inclusive, above, as if set forth in full herein.

95.    The actions of Defendants and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by GATEWOOD of the rights secured to her by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

96. Defendants DOES 1 through 6, inclusive, are liable to GATEWOOD for said violations of her constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

97.    As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, GATEWOOD: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $20,000,000.00.

98.    The actions of Defendants DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of GATEWOOD's constitutional rights sufficient for an award of punitive / exemplary damages against Defendants DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $10,000,000.00.

99.    In addition, as a result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages and attorney fees against all defendants, and each of them.

## SEVENTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (By Plaintiff GATEWOOD, individually, and as successor-in-interest to Decedent C.G., Against all Defendants)

100. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 99, inclusive, above, as if set forth in full herein.

101.   The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward Plaintiffs.

102.   As a direct and proximate result of the actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special

COMPLAINT FOR DAMAGES

and general damages and expenses in an amount to be proven at trial, which is in excess of $20,000,000.00.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(By Plaintiff GATEWOOD, individually, and as successor in interest to C.G., Against all Defendants)**

103.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 102 inclusive, above, as if set forth in full herein.

104.    Defendants' actions were outrageous.

105.    As a direct and proximate result of the aforementioned acts or omissions of Defendants, Plaintiffs suffered injuries including pain, suffering, and emotional injury.

106.    The City of Hemet is vicariously liable for the actions of Defendants DOES 1 through 6, inclusive.

107.    In doing the foregoing wrongful acts, Defendants, and each of them, acted with conscious disregard of Plaintiff's rights. Said Defendants' conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual officer Defendant (but not against the entity Defendant) to punish the wrongful conduct alleged herein and to deter such conduct in the future.

108.    As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, Plaintiffs were: 1) substantially physically, mentally and

COMPLAINT FOR DAMAGES
21

emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $20,000,000.00.

109.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save CITY, in an amount to be proven at trial, in excess of $10,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $20,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $10,000,000.00.

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_/s/ Gregory Peacock_
GREGORY PEACOCK

COMPLAINT FOR DAMAGES